**McDANIEL**

v.

**COMMISSIONER OF INTERNAL REVENUE.**

No. 11886.

United States Court of Appeals
Sixth Circuit.

Feb. 25, 1954.

ing permission of the Commissioner to change his method of reporting income. The Commissioner rejected petitioner's use of inventories in computing income for 1947, recomputed the tax on a cash receipts and disbursements basis, and asserted a deficiency of $4,409.28. The Tax Court upheld the Commissioner's determination, of which ruling the petitioner seeks a review.

Under Sec. 29.22(c)–6, Treasury Regulations III, farmers may change the basis of their returns without first obtaining the Commissioner's consent, provided they comply with certain requirements set out therein. Battelle v. Commissioner, 9 T.C. 299. One requirement is "there must be submitted with the return for the current taxable year an adjusted sheet for the preceding taxable year based on the inventory method, upon the amount of which adjustment the tax shall be assessed and paid (if any be due) at the rate of tax in effect for that year. Ordinarily an adjustment sheet for the preceding year will be sufficient, but if, in the opinion of the Commissioner, such adjustment is not sufficient clearly to reflect income, adjustments for earlier years may be accepted or required."

Petitioner attached to his 1947 return adjustment sheets converting his income as reported on a cash receipts and disbursements basis for the years 1944, 1945 and 1946 to an accrual basis. Such adjustments showed an additional tax of $2,328.26 for 1946, and overpayments of $2,165.39 and $457.00 for 1945 and 1944 respectively. He included the statement: "Since two of these years show over-assessments in amounts greater than the tax I would owe for the prior year, it is obvious that I do not owe any prior year tax by reason of the change in my basis of accounting." He did not file an adjustment sheet for 1943. He did not pay the additional tax for 1946.

We agree with the ruling of the Tax Court that petitioner in filing his 1947 return did not comply with the require-

Heard H. Sutton, Memphis, Tenn., for petitioner.

Dudley J. Godfrey, Jr., Washington, D. C., H. Brian Holland, Ellis N. Slack, Robert N. Anderson, Washington, D. C., on brief, for respondent.

Before SIMONS, Chief Judge, and McALLISTER and MILLER, Circuit Judges.

PER CURIAM.

Petitioner, a farmer, prior to the year 1947, filed his income tax returns on a cash receipts and disbursements basis. For the year 1947, the taxable year herein involved, he filed his return on a farm inventory basis, without request-

542

ments of Sec. 29.22(c)–6, Treasury Regulations III, in that he did not pay the additional tax for 1946, "the preceding taxable year based on the inventory method." The Regulations do not give the taxpayer the option to file adjustment sheets for one *or more* prior years, thus permitting him to go back enough years, and only enough, to reach a net advantageous result, in order to determine what, if any, back taxes must be paid at the time of filing the return on the new basis. It provides for one prior year only, and places the option in the Commissioner, not the taxpayer, to determine whether other prior years shall also be considered.

We do not agree with petitioner's contention that although the Commissioner did not "require" adjustment sheets for 1945 and 1944, he nevertheless "accepted" them, as provided by the Regulations, by not returning them to the petitioner. Before adjustment sheets for more than one prior year "may be accepted or required" by the Commissioner, there must be a determination by the Commissioner that the adjustment sheet for the preceding prior year is not sufficient to clearly reflect income. No such determination was made. Actually, the fact that the Commissioner asserted a deficiency for 1947, disallowing the change of basis, shows that he did not consider or accept the adjustment sheets for 1945 and 1944.

Nor do we construe the phrase in the Regulations "upon the amount of which adjustment the tax shall be assessed and paid" as requiring a formal assessment by the Commissioner before payment of the additional tax for the prior year is required. In the normal course of events the filing of the taxpayer's return is a self assessment of the tax shown to be due thereby, and payment of that amount can not be delayed until receipt of a notice from the Commissioner that the amount of tax shown thereby is formally assessed. A deficiency assessment is entirely different. We are of the opinion that the additional tax for 1946, admitted by the taxpayer's adjust-

ment sheet for that year, was required to be paid when he filed his return for 1947.

The judgment of the Tax Court is affirmed.